UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MELISSA SANDEL, HELIA GOMEZ,　　　　:
DARWIN CARBUCCIA RODRIGUEZ, and　　:
YONATHAN MIGUEL PEREZ RODRIGUEZ,　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiffs,　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　- against -　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
THE CITY OF NEW YORK, EDUARDO　　　:
PEREZ ROMERO, ROBERT CASTILLO,　　　:
JOHN MOISE, "JOHN DOE" and "JANE　　:
ROE", All in Their Individual Capacities　:
and in Their Official Capacities,　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants　　　　 :
-------------------------------------------------------------x

15CV8950

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of

the defendants, allege:

## NATURE OF THE ACTION

　　　1. This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiffs Melissa Sandel, Helia Gomez,  Darwin Carbuccia Rodriguez and Yonathan Miguel

Perez Rodriguez, by the Civil Rights Act of 1871, 42 U.S.C. §1983 and by the Constitution of the

United States, including the Fourth, Fifth and Fourteenth Amendments.

　　　2. Plaintiffs Melissa Sandel, Helia Gomez,  Darwin Carbuccia Rodriguez and Yonathan

Miguel Perez Rodriguez are citizens of the United States who were present in the residence of

plaintiffs Sandel, Gomez and Carbuccia Rodriguez at 620 E. 168th Street, Bronx, New York 10456

on November 17, 2012, when defendants Eduardo Perez Romero, Robert Castillo, John Moise and

other New York City police officers forcibly entered the basement of the residence without a search

warrant, forced the occupants to leave the basement, arrested the plaintiffs on false charges of

Disorderly Conduct, transported the plaintiffs to the 42nd Precinct, subjected plaintiffs' Melissa Sandel, Helia Gomez and Yonathan Miguel Perez Rodriguez to strip and visual body cavity searches, subjected plaintiff Melissa Sandel to a second strip search solely for the amusement of the police officers, and issued summonses to the plaintiffs before releasing them. The false charges against the plaintiffs were subsequently dismissed. The warrantless arrests of the plaintiffs were the result of policies, practices or customs adopted by defendant The City of New York (1) to make warrantless entries into residences, (2) to arrest individuals without probable cause to believe they have committed an offense and (3) to conduct strip searches of all individuals under arrest, regardless of the absence of a basis to believe that the person has a weapon or contraband secreted on his or her person, and (4) to fail to take remedial action against police officers who violate civil rights.

3.   The actions of the defendants were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4.   Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Eduardo Perez Romero, Robert Castillo and John Moise can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6.  Plaintiff Melissa Sandel is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7.  Plaintiff Helia Gomez is a citizen of the United States who resides in the County of Bronx, City and State of New York.

8.  Plaintiff Darwin Carbuccia Rodriguez is a citizen of the United States who resides in the county of Bronx, City and State of New York

9.  Plaintiff Yonathan Miguel Perez Rodriguez is a citizen of the United States who resides in the county of Bronx, City and State of New York.

10.  Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

11.  At all times relevant herein, defendant The City of New York maintained a police department.

12.  Defendant Eduardo Perez Romero is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13.  At all times relevant herein, defendant Eduardo Perez Romero was acting within the scope of his employment by defendant The City of New York.

14.  Defendant Robert Castillo is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15.  At all times relevant herein, defendant Robert Castillo was acting within the scope of his employment by defendant The City of New York.

16.  Defendant John Moise is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

17. At all times relevant herein, defendant John Moise was acting within the scope of his employment by defendant The City of New York.

18. Defendant "John Doe" is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

19. At all times relevant herein, defendant "John Doe" was acting within the scope of his employment by defendant The City of New York.

20. Defendant "Jane Roe" is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

21. At all times relevant herein, defendant "Jane Doe" was acting within the scope of her employment by defendant The City of New York.

STATEMENT OF CLAIMS

22. Plaintiffs incorporate by reference paragraphs 1 through 21 of this complaint as though the same were set forth fully herein.

23. On November 17, 2012, plaintiff Melissa Sandel was a resident of the premises located at 620 E. 168th Street, Bronx, New York 10456.

24. On November 17, 2012, plaintiff Helia Gomez was a resident of the premises located at 620 E. 168th Street, Bronx, New York 10456.

25. On November 17, 2012, plaintiff Darwin Carbuccia Rodriguez was a resident of the premises located at 620 E. 168th Street, Bronx, New York 10456.

26. On November 17, 2012, plaintiff Yonathan Miguel Perez Rodriguez was a guest in the residence of plaintiffs Melissa Sandel, Helia Gomez and Darwin Carbuccia Rodriguez at 620 E. 168th Street, Bronx, New York 10456

27.  On November 17, 2012, defendants Eduardo Perez Romero, Robert Castillo, John Moise, "John Doe" and other New York City police officers forced their way into the basement of the above described residence of plaintiffs Melissa Sandel, Helia Gomez and Darwin Carbuccia Rodriguez.

28. Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" did not have a search warrant or other legal process authorizing their entry into the residence of plaintiffs Melissa Sandel, Helia Gomez and Darwin Carbuccia Rodriguez.

29.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" thereupon arrested plaintiffs Melissa Sandel, Helia Gomez, Darwin Carbuccia Rodriguez and Yonathan Miguel Perez Rodriguez on charges of Disorderly Conduct.

30.  Plaintiff Melissa Sandel had not engaged in any act which constituted Disorderly Conduct.

31.  Plaintiff Helia Gomez had not engaged in any act which constituted Disorderly Conduct.

32.  Plaintiff Darwin Carbuccia Rodriguez had not engaged in any act which constituted Disorderly Conduct.

33.  Plaintiff  Yonathan Miguel Perez Rodriguez had not engaged in any act which constituted Disorderly Conduct.

34. Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" did not have a warrant or other legal process authorizing the arrest of any of the plaintiffs.

35.  While in the residence of plaintiffs Melissa Sandel, Helia Gomez and Darwin Carbuccia Rodriguez, defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" caused physical damage to contents of said plaintiffs' residence.

36.  The defendants then transported plaintiffs Melissa Sandel, Helia Gomez, Darwin Carbuccia Rodriguez and Yonathan Miguel Perez Rodriguez to the 42nd Precinct, where the plaintiffs were imprisoned for a period of time.

37.  At the 42nd Precinct, defendant "Jane Doe" required plaintiff Melissa Sandel to remove her clothing and to bend over for a visual body cavity search.

38.  Defendant "Jane Doe" conducted a strip and visual body cavity search of plaintiff Melissa Sandel at the request of defendant Eduardo Perez Romero.

39.  One of the individual male defendants then conducted a second strip search of plaintiff Melissa Sandel.

40.  The sole purpose of the second strip search of plaintiff Melissa Sandel by one of the individual male defendants was the gratification and amusement of the defendant.

41.  At the 42nd Precinct, defendant "Jane Doe" subjected plaintiff Helia Gomez to a partial strip search by requiring her to unfasten her bra.

42.  Defendant "Jane Doe" subjected plaintiff Helia Gomez to a partial strip search at the request of defendant Robert Castillo.

43.  At the 42nd Precinct, one of the individual defendants required plaintiff Yonathan Miguel Perez Rodriguez to remove his clothing and to bend over while the police officer conducted a cavity search

44.  Following a period of imprisonment at the 42nd Precinct, defendant Eduardo Perez Romero issued a summons to plaintiff Melissa Sandel, under the name Marcus Melissa Sandel, and released her from custody.

45.  Following a period of imprisonment at the 42nd Precinct, defendant Robert Castillo issued a summons to plaintiff Helia Gomez and released her from custody.

46. Following a period of imprisonment at the 42nd Precinct, plaintiff Darwin Carbuccia Rodriguez was released from custody.

47. Following a period of imprisonment at the 42nd Precinct, defendant John Moise issued a summons to plaintiff Yonathan Miguel Perez Rodriguez and released him from custody.

48. On January 31, 2013, the charge against plaintiff Melissa Sandel was dismissed.

49. On January 22, 2013, the charge against plaintiff Helia Gomez was dismissed as legally insufficient.

50. On January 22, 2013, the charge against plaintiff Yonathan Miguel Perez Rodriguez was dismissed as legally insufficient.

## COUNT ONE ON BEHALF OF PLAINTIFF MELISSA SANDEL
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

51. Plaintiffs incorporate by reference paragraphs 1 through 50 of this complaint as though the same were set forth fully herein.

52. Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" lacked a search warrant or other legal process authorizing their entry into the residence of plaintiffs Melissa Sandel, Helia Gomez and Darwin Carbuccia Rodriguez.

53. The forcible entry into the residence of plaintiff Melissa Sandel by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Melissa Sandel of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

54. Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were acting under color of state law when they forcibly entered the residence of plaintiff Melissa Sandel without a search warrant or other legal process authorizing their entry into the residence..

55.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Melissa Sandel of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering plaintiff Melissa Sandel's residence.

## COUNT TWO ON BEHALF OF MELISSA SANDEL
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

56.  Plaintiffs incorporate by reference paragraphs 1 through 55 of this Complaint as though the same were set forth fully herein.

57.  The seizure, detention, arrest, and imprisonment of plaintiff Melissa Sandel by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were made without any warrant or other legal process directing or authorizing her seizure, detention, arrest, or imprisonment.

58.  The seizure, detention, arrest, and imprisonment of plaintiff Melissa Sandel were made without probable cause to believe that she had committed a crime or offense.

59.  The charge upon which defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" arrested plaintiff Melissa Sandel was false.

60.  The charge was made by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" against plaintiff Melissa Sandel with knowledge that it was false.

61.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" acted in concert in the unconstitutional arrest of plaintiff Melissa Sandel and/or could have intervened to stop the arrest but failed to do so.

62. Plaintiff Melissa Sandel was aware of her seizure, detention, arrest and imprisonment

by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe".

63.   Plaintiff Melissa Sandel did not consent to her seizure, detention, arrest or imprisonment.

64.   As a result of the foregoing, plaintiff Melissa Sandel was deprived of her liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

65.   The seizure, detention, arrest and imprisonment of plaintiff Melissa Sandel deprived her of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

66.   Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Melissa Sandel.

67.   Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Melissa Sandel of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Melissa Sandel on a false criminal charge.

## COUNT THREE ON BEHALF OF MELISSA SANDEL
### STRIP AND VISUAL BODY CAVITY SEARCH UNDER 42 U.S.C. §1983

68.   Plaintiffs incorporate by reference paragraphs 1 through 67 of this Complaint as though the same were set forth fully herein.

69.   The strip and visual body cavity search of plaintiff Melissa Sandel by defendant "Jane Roe" was made without any warrant or other legal process directing or authorizing a search of her person.

70.  The strip and visual body cavity search of plaintiff Melissa Sandel by defendant "Jane Roe" was made without any cause to believe that plaintiff Melissa Sandel possessed any contraband on her person.

71.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" acted in concert in the unconstitutional strip and visual body cavity search of plaintiff Melissa Sandel and/or could have intervened to stop the strip and visual body cavity search but failed to do so.

72.  The strip search of plaintiff Melissa Sandel by defendant "Jane Roe" deprived the plaintiff of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

73.  As a result of the strip and visual body cavity search by defendant "Jane Roe", plaintiff Melissa Sandel suffered anxiety, embarrassment, humiliation and emotional distress.

74.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise, "John Doe" and "Jane Roe" deprived plaintiff Melissa Sandel of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Melissa Sandel to a strip and visual body cavity search.

## COUNT FOUR ON BEHALF OF MELISSA SANDEL
## SECOND STRIP SEARCH UNDER 42 U.S.C. §1983

75.  Plaintiffs incorporate by reference paragraphs 1 through 74 of this Complaint as though the same were set forth fully herein.

76.  The second strip search of plaintiff Melissa Sandel by one of the male defendants was made without any warrant or other legal process directing or authorizing a search of her person.

77.  The second strip search of plaintiff Melissa Sandel was conducted for the amusement

of the police officer conducting the search and the embarrassment and humiliation of the plaintiff.

78.   Defendants Eduardo Perez Romero, Robert Castillo, John Moise, "John Doe" and "Jane Roe" acted in concert in the unconstitutional second strip search of plaintiff Melissa Sandel and/or could have intervened to stop the strip search but failed to do so.

79.   The second strip search of plaintiff Melissa Sandel deprived her of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

80.   As a result of the second strip search by the defendants, plaintiff Melissa Sandel suffered anxiety, embarrassment, extreme humiliation and emotional distress.

81.   Defendants Eduardo Perez Romero, Robert Castillo, John Moise, "John Doe" and "Jane Roe" were acting under color of state law when they subjected plaintiff Melissa Sandel to a second strip search.

82.   Defendants Eduardo Perez Romero, Robert Castillo, John Moise, "John Doe" and "Jane Roe" deprived plaintiff Melissa Sandel of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Melissa Sandel to a second strip search.

### COUNT FIVE ON BEHALF OF MELISSA SANDEL
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

83.   Plaintiffs incorporate by reference paragraphs 1 through 82 of this Complaint as though the same were set forth fully herein.

84.   The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual

and/or apparent authority attendant thereto.

85.   The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

86.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of entering and searching residences without a search warrant in violation of the Fourth Amendment of the Constitution of the United States.

87.   The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a)   Defendant The City of New York failed properly to train police officers in the requirements for and limitations of search warrants consistent with the requirements of the Fourth, and Fourteenth Amendments of the Constitution of the United States;

(b)   Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during their entry into residences without search warrants;

(c)   Defendant The City of New York failed properly to monitor entries by police officers into residences to determine whether such entries were being made pursuant to valid search warrants and to determine if its police officers were obtaining search warrants to enter residences before entering such residences consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(d)   Defendant The City of New York failed to discipline police officers for entering residences without search warrants.

88.   The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers with regard to the requirement for a search warrant to enter a

residence constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, plaintiff Melissa Sandel.

89.   The forcible warrantless entry into plaintiff Melissa Sandel's residence resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for search warrants for entry into residences.

90.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless entries into residences.

91.   Defendant The City of New York deprived plaintiff Melissa Sandel of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of making warrantless entries into residences by its police officers.

## COUNT SIX ON BEHALF OF MELISSA SANDEL
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

92.   Plaintiffs incorporate by reference paragraphs 1 through 91 of this Complaint as though the same were set forth fully herein.

93. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

94.   The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

95. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, plaintiff Melissa Sandel.

96. The arrest and imprisonment of plaintiff Melissa Sandel on November 17, 2012 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

97. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

98. Defendant The City of New York deprived plaintiff Melissa Sandel of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth and

Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards of probable cause and the requirements for making warrantless arrests.

### COUNT SEVEN ON BEHALF OF MELISSA SANDEL
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

99.   Plaintiffs incorporate by reference paragraphs 1 through 98 of this Complaint as though the same were set forth fully herein.

100.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of routinely performing strip and visual body cavity searches of persons charged with crimes or minor offenses in violation of the Fourth Amendment of the Constitution of the United States.

101.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip and visual body cavity searches of persons under arrest despite the absence of a factual basis for a reasonable suspicion to believe that the persons had evidence or contraband concealed upon their person.

102.   The aforesaid custom, policy, and practice of defendant The City of New York include, but are not limited to, the following:

(a)   Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals can be subjected to strip searches or body cavity searches;

(b)   Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the processing of arrested individuals;

(c)   Defendant The City of New York failed properly to supervise police officers during the processing of arrests to ensure that strip and body cavity searches

were not performed where no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity;

(d) Defendant The City of New York failed to discipline police officers for performing strip searches under circumstances in which no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity.

103.  The strip and visual body cavity search and the second strip search to which plaintiff Melissa Sandel was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for strip searches.

104.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed upon their person.

105.  Defendant The City of New York deprived plaintiff Melissa Sandel of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing strip and body cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed upon their person.

## COUNT EIGHT ON BEHALF OF MELISSA SANDEL
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

106.  Plaintiffs incorporate by reference paragraphs 1 through 105 of this Complaint as though the same were set forth fully herein.

107. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Eduardo Perez Romero, Robert Castillo, John Moise, "John Doe" and "Jane Roe" are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

108. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

109. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

110. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

111. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Melissa Sandel would be violated.

112. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Melissa Sandel.

113.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

114.   Defendant The City of New York deprived plaintiff Melissa Sandel of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT NINE ON BEHALF OF PLAINTIFF HELIA GOMEZ
### UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

115.   Plaintiffs incorporate by reference paragraphs 1 through 114 of this complaint as though the same were set forth fully herein.

116.   The forcible entry into the residence of plaintiff Helia Gomez by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Helia Gomez of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

117.   Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were acting under color of state law when they forcibly entered the residence of plaintiff Helia Gomez without a search warrant or other legal process authorizing their entry into the residence..

118.   Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Helia Gomez of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution

of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering plaintiff Helia Gomez' residence.

## COUNT TEN ON BEHALF OF HELIA GOMEZ
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

119.   Plaintiffs incorporate by reference paragraphs 1 through 118 of this Complaint as though the same were set forth fully herein.

120.   The seizure, detention, arrest, and imprisonment of plaintiff Helia Gomez by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were made without any warrant or other legal process directing or authorizing her seizure, detention, arrest, or imprisonment.

121.   The seizure, detention, arrest, and imprisonment of plaintiff Helia Gomez were made without probable cause to believe that she had committed a crime or offense.

122.   The charge upon which defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" arrested plaintiff Helia Gomez was false.

123.   The charge was made by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" against plaintiff Helia Gomez with knowledge that it was false.

124.   Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" acted in concert in the unconstitutional arrest of plaintiff Helia Gomez and/or could have intervened to stop the arrest but failed to do so.

125.   Plaintiff Helia Gomez was aware of her seizure, detention, arrest and imprisonment by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe".

126.   Plaintiff Helia Gomez did not consent to her seizure, detention, arrest or imprisonment.

127.  As a result of the foregoing, plaintiff Helia Gomez was deprived of her liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

128.  The seizure, detention, arrest and imprisonment of plaintiff Helia Gomez deprived her of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

129.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Helia Gomez.

130.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Helia Gomez of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Helia Gomez on a false criminal charge.

### COUNT ELEVEN ON BEHALF OF HELIA GOMEZ
### UNREASONABLE STRIP SEARCH UNDER 42 U.S.C. §1983

131.  Plaintiffs incorporate by reference paragraphs 1 through 130 of this Complaint as though the same were set forth fully herein.

132.  The strip search of plaintiff Helia Gomez by defendant "Jane Roe" was made without any warrant or other legal process directing or authorizing a search of her person.

133.  The strip search of plaintiff Helia Gomez by defendant "Jane Roe" was made without any cause to believe that plaintiff Helia Gomez possessed any contraband on her person.

134.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" acted in concert in the unconstitutional strip search of plaintiff Helia Gomez and/or could have intervened to stop the strip search but failed to do so.

135.  The strip search of plaintiff Helia Gomez deprived her of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

136.  Plaintiff Helia Gomez suffered anxiety, embarrassment and humiliation and emotional distress as a result of the strip search conducted by the defendants.

137.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise, "John Doe" and "Jane Roe" were acting under color of state law when they subjected plaintiff Helia Gomez to a strip search.

138.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise, "John Doe" and "Jane Roe" deprived plaintiff Helia Gomez of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Helia Gomez to a strip search.

## COUNT TWELVE ON BEHALF OF HELIA GOMEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

139.  Plaintiffs incorporate by reference paragraphs 1 through 138 of this Complaint as though the same were set forth fully herein.

140.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers with regard to the requirement for a search warrant to forcibly enter a residence constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, plaintiff Helia Gomez.

141.  The forcible warrantless entry into plaintiff Helia Gomez's residence resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for search warrants for entry into residences.

142. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless entries into residences.

143. Defendant The City of New York deprived plaintiff Helia Gomez of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of making warrantless entries into residences by its police officers.

## COUNT THIRTEEN ON BEHALF OF HELIA GOMEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

144. Plaintiffs incorporate by reference paragraphs 1 through 143 of this Complaint as though the same were set forth fully herein.

145. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, plaintiff Helia Gomez.

146. The arrest and imprisonment of plaintiff Helia Gomez on November 17, 2012 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

147. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

148. Defendant The City of New York deprived plaintiff Helia Gomez of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards of probable cause and the requirements for making warrantless arrests.

## COUNT FOURTEEN ON BEHALF OF HELIA GOMEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

149. Plaintiffs incorporate by reference paragraphs 1 through 148 of this Complaint as though the same were set forth fully herein.

150. The strip search to which plaintiff Helia Gomez was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for strip searches.

151. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed upon their person.

152. Defendant The City of New York deprived plaintiff Helia Gomez of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed upon their person.

## COUNT FIFTEEN ON BEHALF OF HELIA GOMEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

153.  Plaintiffs incorporate by reference paragraphs 1 through 152 of this Complaint as though the same were set forth fully herein.

154.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

155.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Helia Gomez would be violated.

156.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Helia Gomez.

157.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

158.  Defendant The City of New York deprived plaintiff Helia Gomez of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth  Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT SIXTEEN ON BEHALF OF DARWIN CARBUCCIA RODRIGUEZ
### UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

159.  Plaintiffs incorporate by reference paragraphs 1 through 158 of this complaint as though the same were set forth fully herein.

160.  The forcible entry into the residence of plaintiff Darwin Carbuccia Rodriguez by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Darwin Carbuccia Rodriguez of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

161.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were acting under color of state law when they forcibly entered the residence of plaintiff Darwin Carbuccia Rodriguez without a search warrant or other legal process authorizing their entry into the residence..

162.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Darwin Carbuccia Rodriguez of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering plaintiff Darwin Carbuccia Rodriguez' residence.

### COUNT SEVENTEEN ON BEHALF OF DARWIN CARBUCCIA RODRIGUEZ
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

163.  Plaintiffs incorporate by reference paragraphs 1 through 162 of this Complaint as though the same were set forth fully herein.

164.  The  seizure, detention, arrest, and imprisonment of plaintiff Darwin Carbuccia Rodriguez by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were

made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

165.  The seizure, detention, arrest, and imprisonment of plaintiff Darwin Carbuccia Rodriguez were made without probable cause to believe that he had committed a crime or offense.

166.  The charge upon which  defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" arrested plaintiff Darwin Carbuccia Rodriguez was false.

167.  The charge was made by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" against plaintiff Darwin Carbuccia Rodriguez with knowledge that it was false.

168.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" acted in concert in the unconstitutional arrest of plaintiff Darwin Carbuccia Rodriguez and/or could have intervened to stop the arrest.

169.  Plaintiff Darwin Carbuccia Rodriguez was aware of his seizure, detention, arrest and imprisonment by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe".

170.  Plaintiff Darwin Carbuccia Rodriguez did not consent to his seizure, detention, arrest or imprisonment.

171.  As a result of the foregoing, plaintiff Darwin Carbuccia Rodriguez was deprived of his liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

172.  The seizure, detention, arrest and imprisonment of plaintiff Darwin Carbuccia Rodriguez deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

173.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Darwin Carbuccia Rodriguez.

174.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Darwin Carbuccia Rodriguez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Darwin Carbuccia Rodriguez on a false criminal charge.

## COUNT EIGHTEEN ON BEHALF OF DARWIN CARBUCCIA RODRIGUEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

175.  Plaintiffs incorporate by reference paragraphs 1 through 174 of this Complaint as though the same were set forth fully herein.

176.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers with regard to the requirement for a search warrant to forcibly enter a residence constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, plaintiff Darwin Carbuccia Rodriguez.

177.  The forcible warrantless entry into plaintiff Darwin Carbuccia Rodriguez's residence resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for search warrants for entry into residences.

178.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless entries into residences.

179.  Defendant The City of New York deprived plaintiff Darwin Carbuccia Rodriguez

of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom warrantless entries into residences by its police officers.

## COUNT NINETEEN ON BEHALF OF DARWIN CARBUCCIA RODRIGUEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

180.  Plaintiffs incorporate by reference paragraphs 1 through 179 of this Complaint as though the same were set forth fully herein.

181.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, plaintiff Darwin Carbuccia Rodriguez.

182.  The arrest and imprisonment of plaintiff Darwin Carbuccia Rodriguez on November 17, 2012 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

183.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

184.  Defendant The City of New York deprived plaintiff Darwin Carbuccia Rodriguez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT TWENTY ON BEHALF OF DARWIN CARBUCCIA RODRIGUEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

185. Plaintiffs incorporate by reference paragraphs 1 through 184 of this Complaint as though the same were set forth fully herein.

186. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

187. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Darwin Carbuccia Rodriguez would be violated.

188. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Darwin Carbuccia Rodriguez.

189. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

190. Defendant The City of New York deprived plaintiff Darwin Carbuccia Rodriguez of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT TWENTY-ONE ON BEHALF OF YONATHAN MIGUEL PEREZ RODRIGUEZ
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

191.  Plaintiffs incorporate by reference paragraphs 1 through 190 of this Complaint as though the same were set forth fully herein.

192.  The seizure, detention, arrest, and imprisonment of plaintiff Yonathan Miguel Perez Rodriguez by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

193.  The seizure, detention, arrest, and imprisonment of plaintiff Yonathan Miguel Perez Rodriguez were made without probable cause to believe that he had committed a crime or offense.

194.  The charge upon which defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" arrested plaintiff Yonathan Miguel Perez Rodriguez was false.

195.  The charge was made by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" against plaintiff Yonathan Miguel Perez Rodriguez with knowledge that it was false.

196.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" acted in concert in the unconstitutional arrest of plaintiff Yonathan Miguel Perez Rodriguez and/or could have intervened to stop the arrest but failed to do so.

197.  Plaintiff Yonathan Miguel Perez Rodriguez was aware of his seizure, detention, arrest and imprisonment by defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe".

198.  Plaintiff Yonathan Miguel Perez Rodriguez did not consent to his seizure, detention, arrest or imprisonment.

199.  As a result of the foregoing, plaintiff Yonathan Miguel Perez Rodriguez was deprived of his liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

200.  The seizure, detention, arrest and imprisonment of plaintiff Yonathan Miguel Perez Rodriguez deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

201.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Yonathan Miguel Perez Rodriguez.

202.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Yonathan Miguel Perez Rodriguez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Yonathan Miguel Perez Rodriguez on a false criminal charge.

## COUNT TWENTY-TWO ON BEHALF OF YONATHAN MIGUEL PEREZ RODRIGUEZ
## UNREASONABLE STRIP SEARCH UNDER 42 U.S.C. §1983

203.  Plaintiffs incorporate by reference paragraphs 1 through 202 of this Complaint as though the same were set forth fully herein.

204.  The strip and visual body cavity search of plaintiff Yonathan Miguel Perez Rodriguez by the defendants was made without any warrant or other legal process directing or authorizing a search of his person.

205.  The strip and visual body cavity search of plaintiff Yonathan Miguel Perez Rodriguez by the defendants was made without any cause to believe that plaintiff Yonathan Miguel Perez Rodriguez possessed any contraband on his person.

206.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" acted in concert in the unconstitutional strip and visual body cavity search of plaintiff Yonathan Miguel Perez Rodriguez and/or could have intervened to stop the strip and visual body cavity search.

207.  The strip and visual body cavity search of plaintiff Yonathan Miguel Perez Rodriguez deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

208.  Plaintiff Yonathan Miguel Perez Rodriguez suffered anxiety, embarrassment, humiliation and emotional distress as a result of the strip and visual body cavity search conducted by the defendants.

209.  Defendants Eduardo Perez Romero, Robert Castillo, John Moise and "John Doe" deprived plaintiff Yonathan Miguel Perez Rodriguez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Yonathan Miguel Perez Rodriguez to a strip and visual body cavity search.

## COUNT TWENTY-THREE ON BEHALF OF YONATHAN MIGUEL PEREZ RODRIGUEZ MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

210.  Plaintiffs incorporate by reference paragraphs 1 through 209 of this Complaint as though the same were set forth fully herein.

211.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, plaintiff Yonathan Miguel Perez Rodriguez.

212.  The arrest and imprisonment of plaintiff Yonathan Miguel Perez Rodriguez on November 17, 2012 resulted from the failure of defendant The City of New York properly to train,

supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

213.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

214.  Defendant The City of New York deprived plaintiff Yonathan Miguel Perez Rodriguez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT TWENTY-FOUR ON BEHALF OF YONATHAN MIGUEL PEREZ RODRIGUEZ MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

215.  Plaintiffs incorporate by reference paragraphs 1 through 214 of this Complaint as though the same were set forth fully herein.

216.  The strip and visual body cavity search to which plaintiff Yonathan Miguel Perez Rodriguez was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for strip searches.

217.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip and visual body cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed upon their person.

218.  Defendant The City of New York deprived plaintiff Yonathan Miguel Perez Rodriguez of his right to be secure in his person against unreasonable searches and seizures

guaranteed by the Fourth Amendment of the Constitution of the United States under color of state

law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice

of performing strip and visual body cavity searches of individuals under arrest despite the absence

of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed

upon their person.

## COUNT TWENTY-FIVE ON BEHALF OF YONATHAN MIGUEL PEREZ RODRIGUEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

219.  Plaintiffs incorporate by reference paragraphs 1 through 218 of this Complaint as

though the same were set forth fully herein.

220.  The failure of defendant The City of New York properly to take remedial action to

train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights

constituted deliberate indifference to the rights of persons with whom its police officers come into

contact.

221.  Defendant The City of New York knew, or should have known, that as a direct

result of this policy, practice and/or custom, the Constitutional rights of plaintiff Yonathan Miguel

Perez Rodriguez would be violated.

222.  Defendant The City of New York implemented, enforced, encouraged, sanctioned

and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard

for the civil rights of individuals with whom its police officers come in contact, and more

particularly, the civil rights of plaintiff Yonathan Miguel Perez Rodriguez.

223.  Defendant The City of New York was acting under color of state law when it

formulated and implemented a policy, custom or practice of failing adequately to investigate

complaints against police officers for violating civil rights and to take appropriate remedial action.

224.   Defendant The City of New York deprived plaintiff Yonathan Miguel Perez Rodriguez of his right to be secure in his person, house, papers and effects against of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A.  Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B.  Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
       November 13, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
   Steven Michelstein (SM3323)
   Attorneys for Plaintiff
   485 Madison Avenue
   New York, New York 10022
   (212) 588-0880